(Court of Appeal, Parish of Orleans.)

# EDWARDS LUMBER CO. vs. HENRY MASON AND PHILIP FATH.

Filing of a sworn statement in the mortgage office and service of an attested account upon the owner, are conditions precedent to the right to recover from the surety on a building contract, or from the owner.

Appeal from the Civil District Court, Division "C."

Dart, Kernan & Dart, for plaintiff and appellant.

Geo. Montgomery, for defendant.

A. J. Peters, for defendant and appellant.

ST . PAUL, J.—Plaintiff, a furnisher of materials, seeks to hold the surety .on a contractor's bond. The defense is that no sworn statement of the claim was filed with the owner, or recorded in the mortgage office, within forty five days after the completion of the building.

The District Judge found as a fact (and his finding accords with the evidence) that the building was completed on June 26th, 1909.

A sworn statement of the claim was recorded in the mortgage office on August 10th, 1909, being the forty fifth day after the completion of the building; but no such sworn statement was served on the owner until after August 13th, 1909, being more than forty five days after such completion.

Hence the first was in time, the latter too late, for compliance with the provisions of Act 134 of 1906.

That statute requires that "Every person having a claim against the undertaker, contractor, etc shall * * * file a sworn statement thereof with the owner, and record a sworn statement thereof in the mortgage office of the recorder of mortgages * * * within forty five days after the completion of said contract."

We have heretofore held that a strict compliance with both provisions is a condition precedent to the right to recover against either surety or owner. See **North Birmingham Fire Brick and Roofing Co. vs. W. T. Carey & Co., et al**, No. 5287 of our docket, and **W. W. Carre Co., Ltd. vs. A. F. Kiern, et al**, No. 5202 of our docket.

Our brother of the District Court did not agree with us, but we adhere to our own view. The statute is in derogation of common right and must be strictly construed. Whoever seeks to take advantage of the statute must show that he himself has complied with all its provisions. If any one of the provisions of the statute may be dispensed with, why not all of them, and why then have written them into the statute?

The legislature doubtless had some purpose in view in requiring the service of an attested account upon the owner in addition to the recording of the claim in the mortgage office, and doubtless that purpose was a wise one; but however that may be, he did require it. **Ita Lex Scripta** and it is our duty to insist upon it.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that plaintiff's demand be rejected at its cost in both courts.

March 18th, 1912.

Rehearing refused, April 29, 1912.

June 5, 1912, Decree Supreme Court, writ denied.